DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Fulton County Court of Common Pleas. Finding that the trial court erred in sentencing appellant, we hereby reverse and remand this case for resentencing.
The facts giving rise to this appeal are as follows. On October 5, 2000, appellant, Alan D. Keck, entered guilty pleas to two counts of involuntary manslaughter, violations of R.C. 2903.04(B) and felonies of the third degree. The charges were the result of a drunk driving accident which occurred on September 26, 1999. On the day appellant committed these offenses, he was on probation in the state of Michigan for his third drunk driving offense. On November 9, 1999, also as a result of the September 26 accident, appellant received a forty to sixty month prison term in the state of Michigan for violating his probation. On December 1, 2000, appellant was sentenced to two consecutive four year prison terms for each of the Ohio involuntary manslaughter charges. His eight year sentence was ordered to be served consecutively with his Michigan prison term. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO A PRISON TERM AND ORDERING SAID SENTENCE TO BE SERVED CONSECUTIVE TO A SENTENCE IMPOSED BY A MICHIGAN COURT CONTRARY TO R.C. 2929.41(A)."
The version of R.C. 2929.41(A) that was in effect on the date of appellant's offense states in pertinent part:[1]
 "Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(2) of this section, a sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution."
The exceptions to R.C. 2929.41(A) are cases involving misdemeanor offenses (R.C. 2929.41(B)), cases involving firearms (R.C. 2929.14(E)), and sexually violent offenses (R.C. 2971.03). The subject matter of the case before us simply does not fit into one of the statutory exceptions. Absent ambiguity, the plain meaning of a statute must guide an appellate court's interpretation. State ex. rel. Pennington v. Gundler (1996),75 Ohio St.3d 171. Therefore, pursuant to R.C. 2929.41(A), appellant's sentence in this case must be served concurrently with his sentence from the state of Michigan. Accord, State v. Phelps (Aug. 31, 2000), Cuyahoga App. No. 77100, unreported. Appellant's sole assignment of error is found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Fulton County Court of Common Pleas is reversed and remanded for resentencing. Costs assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
Peter M. Handwork, J. and James R. Sherck, J. CONCUR.
[1] R.C. 2929.41 was later amended on March 23, 2000 and again on May 17, 2000.